Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
(602) 445-9819
(866) 565-1327 facsimile
mmeyers@attorneysforconsumers.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven Perez, Jr., Individually and On Behalf of All Others Similarly Situated, | CASE NO. _____ |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT ("TCPA") AND FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") |
| Global Acceptance Credit Company, LP | |
| Defendant. | |
| | **JURY TRIAL DEMANDED** |

**NATURE OF THE ACTION**

1. This is a class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

2. Plaintiff also brings individual claims pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

3. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and pre-recorded voice calls, and provides in pertinent part:

> **It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**
>
> **(A)**   **to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –**

1

*****

(iii)   **to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.**

4.   Section 1692(b) of the FDCPA sets forth restrictions on debt collectors' attempts to acquire location information, and provides in pertinent part:

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall—**

**(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

**(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

## JURISDICTION

5.   This Court has subject matter jurisdiction pursuant to 47 U.S.C. §227(b)(3) and 28 U.S.C. §1331.  *See Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740 (2012).

6.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

7.   Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where a substantial part of the events giving rise to Plaintiff's action occurred in this State and this District, where Plaintiff resides in this State and this District, and where Defendant transacts substantial business in this State and this District.

## PARTIES

8.   Plaintiff is a natural person who at all relevant times resided in the State of Arizona, Maricopa County.

9. Defendant Global Acceptance Credit Company, LP ("Defendant") is a Texas corporation with principal offices situated at 5850 W. Interstate 20, Ste. 100, Arlington, TX.

10. Defendant may be served through its registered agent National Registered Agents, Inc., 638 N. 5th Ave., Phoenix, AZ 85003.

11. Defendant purchases, services and resells distressed consumer debt.

## FACTUAL ALLEGATIONS

12. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on April 27, 2012 at 12:53 P.M., and at such time, did not leave a voicemail message.

13. Plaintiff returned Defendant's call on April 27, 2012 at 12:54 P.M.

14. During the telephone conversation on April 27, 2012 at 12:54 P.M., Defendant answered the call stating, "Global Acceptance."

15. During the conversation on April 27, 2012 at 12:54 P.M., Defendant's agent and/or employee informed Plaintiff of Defendant's identity without such information being expressly requested.

16. During the telephone conversation on April 27, 2012 at 12:54 P.M., Defendant's agent and/or employee told Plaintiff that Defendant was looking for a "Tameka Jackson."

17. During the telephone conversation on April 27, 2012 at 12:54 P.M., Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to Plaintiff's cellular phone as it belonged to Plaintiff and not to "Tameka Jackson."

18. Despite Plaintiff's demand that Defendant cease and desist from placing telephone calls to Plaintiff, and despite having knowledge that Plaintiff was not the debtor with whom Defendant was trying to communicate, Defendant placed another call to Plaintiff's cellular telephone

on April 27, 2012 at 2:43 P.M. Plaintiff answered Defendant's call and Defendant immediately terminated the call thereafter.

19. Plaintiff returned Defendant's call on April 27, 2012 at 2:44 P.M., and at such time, Plaintiff again demanded that Defendant cease and desist from placing any and all telephone calls to Plaintiff's cellular phone.

20. During the telephone conversation on April 27, 2012 at 2:44 P.M., Defendant's agent and/or employee told Plaintiff that there was nothing Defendant could do to stop additional calls, as it takes twenty-four (24) hours before Defendant's system removes a phone number.

21. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system, evidenced by Defendant's inability to prevent additional calls from being initiated during the twenty-four (24) hours following the called party's revocation of consent.

22. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

23. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

24. At no point did Defendant have Plaintiff's prior express consent to call Plaintiff on his cellular telephone number.

25. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

26. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

27. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

28. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

29. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings the TCPA claim as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) on behalf of himself and the Class as defined below:

### The TCPA Class

All persons and entities throughout the United States who received telephones calls to their cellular telephones that were placed by Defendant by utilizing an automatic telephone dialing system and/or an artificial or prerecorded voice without their express consent within the period of time beginning four years prior to the filing of this complaint to the present.

31. Excluded from the Class is Defendant, the officers and directors of the Defendant, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

32. The proposed Class is so numerous that joinder of all members is impracticable.

33. The exact number of members of the Class is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery.

34. The proposed Class is ascertainable in that the contact information of all members of the Class can be identified in business records maintained by Defendant.

35. Plaintiff's claims are typical of the claims of the members of the Class because the claims of Plaintiff and all of the members of the Class originate from the same conduct, practice and procedure on the part of Defendant and Plaintiff possess the same interests and have suffered the same injuries as each Class member.

36. Like all proposed members of the TCPA Class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, and/or an artificial or prerecorded voice, without his consent, in violation of 47 U.S.C. §227

37. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel experienced and competent in class action litigation. Plaintiff has no interests that are contrary to or in conflict with the members of the Class that Plaintiff seeks to represent.

38. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

39. Issues of law and fact common to the members of the Class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the entire Class. Among the issues of law and fact common to the Class are:

    a. Defendant's violations the TCPA as alleged herein;

    b. the existence of Defendant's identical conduct particular to the matters at issue; and

    c. the availability of statutory penalties.

40. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### COUNT I: VIOLATION OF 47 U.S.C. §227(b)(1)(A)(iii) OF THE TCPA

41. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through and including 40.

42. Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system and/or an artificial or pre-recorded voice to make and/or place telephone calls to Plaintiff's cellular telephone number without consent to do so.

43. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff and the TCPA Class are entitled to damages in an amount to be proven at trial.

### COUNT II: VIOLATION OF § 1692b(1) OF THE FDCPA
### BROUGHT BY PLAINTIFF INDIVIDUALLY

44. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through and including 43.

45. Defendant violated 15 U.S.C. § 1692b(1) by providing the identity of Defendant to Plaintiff, a third party, without such information being expressly requested, in connection with an attempt to collect an alleged debt.

46. As a result of Defendant's violations of 15 U.S.C. § 1692b(1), Plaintiff is entitled to damages in an amount to be proven at trial.

### COUNT III: VIOLATION OF § 1692b(3) OF THE FDCPA
### BROUGHT BY PLAINTIFF INDIVIDUALLY

47. Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1 through and including 46.

48. Defendant violated 15 U.S.C. § 1692b(3) by communicating with Plaintiff, a third party, more than once in connection with an attempt to collect an alleged debt from a consumer.

49. As a result of Defendant's violations of 15 U.S.C. § 1692b(3), Plaintiff is entitled to damages in an amount to be proven at trial.

**WHEREFORE**, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

(b) Adjudging that Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) and enjoining Defendant from further violations of 47 U.S.C. §227(b)(1)(A)(iii) with respect to Plaintiff and the other members of the TCPA Class;

(c) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

(d) Adjudging that Defendant violated 15 U.S.C. § 1692b(3);

(e) Awarding Plaintiff and members of the TCPA Class statutory damages pursuant to 47 U.S.C. §227(b)(3) in the amount of $1,500.00 per violation;

(f) Awarding Plaintiff and members of the Class actual damages sustained as a result of Defendant's violations, pursuant to 47 U.S.C. §227(b)(3)(B));

(g) Awarding Plaintiff statutory damages in the amount of $1,000.00 and actual damages sustained as a result of Defendant's violations pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

(h) Awarding Plaintiff and members of the Class their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(i) Awarding Plaintiff his reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692(k)(a)(3);  and

(j) Awarding other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

DATED:  August 1, 2012                Respectfully submitted,


/s/ Marshall Meyers
**Marshall Meyers (020584)**
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Counsel for Plaintiff and the Class